UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PABLO HERNANDEZ, on behalf of
himself and others similarly situated

     Plaintiff,

v.                                     Case No:   2:15-cv-406-FtM-29MRM

CABLE TELEVISION INSTALLATION &
SERVICE, LLC,

     Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

     This cause comes before the Court on the Joint Motion to Approve the Parties'

Settlement (Doc. 15) and Settlement Agreement and Full and Final Release of All Claims (Doc.

15-1) filed on December 15, 2015.   Plaintiff Pablo Hernandez and Defendant Cable Television

Installation & Service, LLC request that the Court approve the parties' settlement of the Fair

Labor Standards Act ("FLSA") claim.   After review of the parties' submission, the Court

recommends that the settlement agreement be approved.

     To approve the settlement of an FLSA claim, the Court must determine whether the

settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir.

1982); 29 U.S.C. § 216.   There are two ways for a claim under the FLSA to be settled or

compromised.   *Id*. at 1352-3.   The first, under 29 U.S.C. § 216(c), provides for the Secretary of

Labor to supervise payments of unpaid wages owed to employees.   *Id*. at 1353.   The second

way, under 29 U.S.C. § 216(b), is by a lawsuit brought by employees against their employer to

recover back wages.   *Id.*   When employees file suit, the proposed settlement must be presented to the District Court for its review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiff alleged that Defendant committed overtime wage violations under the FLSA.   (Doc. 15 at 1 ¶ 1).   Defendant denies Plaintiff's allegations and asserts that it properly compensated Plaintiff.   (*Id.* at 1-2 ¶ 2).   Based on these contentions, *bona fide* disputes exist in this case.

The parties agreed to settle this action to avoid the risks and costs of protracted litigation. (*Id.* at 2 ¶ 3).   The parties further indicate that the settlement provides substantial benefits to the parties.   (*Id.* at 3 ¶ 6).   The parties indicate that Plaintiff gains the certainty of knowledge of the sums Plaintiff will receive from Defendant, and Defendant receives relief from the uncertainty and costs of ongoing litigation.   (*See id.*).

The Settlement Agreement and Full and Final Release of All Claims (Doc. 15-1) indicates that Plaintiff will receive is $1,520.00 as payment for the release of all claims.   (Doc. 15-1 at 2 ¶ 2).   The Joint Motion indicates that this total is the full amount Plaintiff is potentially

owed for overtime wages, without compromise. (Doc. 15 at 2 ¶ 2). Moreover, both the Joint

Motion and the Settlement Agreement indicate that Plaintiff stipulates that his damages are *de

minimus*. (Doc. 15 at 2 ¶ 4 and Doc. 15-1 at 3 n.1). Thus, Plaintiff is waiving payment of

liquidated damages. (*Id.*). After review, the Court finds that the terms of the Settlement

Agreement and Full and Final Release of All Claims are reasonable as to wages and liquidated

damages.

Additionally, Defendants agreed to pay $1,420.00, representing Plaintiff's reasonable

attorneys' fees and costs in this action. (Doc. 15 at 5 ¶ 9 and 15-1 at 2 ¶ 2). As explained in

*Bonetti v. Embarq Management Company*, "the best way to insure that no conflict [of interest

between an attorney's economic interests and those of his client] has tainted the settlement is for

the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's

counsel are considered." 715 F. Supp. 2d 1222, 12 28 (M.D. Fla. 2009). The Court further

stated that

> [i]f these matters are addressed independently and seriatim, there is no reason to
> assume that the lawyer's fee has influenced the reasonableness of the plaintiff's
> settlement. In sum, if the parties submit a proposed FLSA settlement that, (1)
> constitutes a compromise of the plaintiff's claims; (2) makes full and adequate
> disclosure of the terms of settlement, including the factors and reasons considered
> in reaching same and justifying the compromise of the plaintiff's claims; and (3)
> represents that the plaintiff's attorneys' fee was agreed upon separately and without
> regard to the amount paid to the plaintiff, then, unless the settlement does not appear
> reasonable on its face or there is reason to believe that the plaintiff's recovery was
> adversely affected by the amount of fees paid to his attorney, the Court will approve
> the settlement without separately considering the reasonableness of the fee to be
> paid to plaintiff's counsel.

*Id*.

In the present case, the amount of attorneys' fees was negotiated as a separate amount

apart from the amount to be paid to Plaintiff. (Doc. 15 at 4 ¶ 8). Because attorneys' fees and

costs were determined separately and apart from Plaintiffs' recovery, the Court finds that the

settlement and attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs.

Without contradictory evidence, the Settlement Agreement and Full and Final Release of All Claims (Doc. 15-1) appears to be a fair and reasonable resolution of the parties' FLSA issues.

**IT IS RESPECTFULLY RECOMMEDED:**

1) That the parties' Joint Motion to Approve the Parties' Settlement (Doc. 15) be **GRANTED** and that the Settlement Agreement and Full and Final Release of All Claims (Doc. 15-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues.

2) The Court further recommends that if the District Court adopts this Report and Recommendation, that the Clerk be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on December 21, 2015.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.